Michael Benson, AK SBN 1311070
Email: michael_benson@fd.org
Assistant Federal Public Defender
Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: Peyton_Lee@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>LUIS NINO-MONCADA,<br><br>                        Defendant. | Case No. 3:26-cr-00007-IM-1<br><br>UNOPPOSED MOTION AND MEMORANDUM FOR ISSUANCE OF RULE 17(c) SUBPOENAS |

       The defendant, Luis Nino-Moncada, through counsel, Michael Benson and Peyton Lee, hereby moves for an order authorizing the production of documents in advance of trial pursuant to subpoenas issued in accordance with Fed. R. Crim. P. 17(c). The defense asks that the Court direct the parties to whom the subpoenas are issued to produce the documents before trial, and not later than February 2, 2026. Proposed orders for each of the respective parties requested has been enclosed. The government does not object to this request.

Authorization for a Rule 17(c) subpoena is requested for issuance to:

- Adventist Health, for all video, audio, or written records related to [instant event] or its investigation. Adventist Health Chief Operating Officer in Risk Management has been identified as the person to subpoena for these records.

- Allied Security, for all records pertaining to what officer or agent was on duty at the time of the [instant event] and to provide any and all records of body worn camera, other video, audio or written records pertaining to such events and the [instant event] and its investigation.

- FORA Health, for all video, audio, or written records related to [instant event] or its investigation.

- Portland Police Bureau for all body worn camera, other video, audio or written statements or reports related to the investigation of [instant event].

The [instant event] covers records related to events involving Luis Nino-Moncada that occurred on January 8, 2026, beginning around approximately 2:00pm. The defense requests an order to produce such records to the Court for inspection and disclosure to the parties.

**Factual Background**

Mr. Nino-Moncada is charged by indictment with two counts: Aggravated Assault of a Federal Officer with a Deadly or Dangerous Weapon pursuant to 18 U.S.C. §§ 111(a), 111(b); and Depredation of Federal Property in Excess of $1,000 pursuant to 18 U.S.C. § 1361. The allegations arise from events that occurred in the parking lot of Adventist Health Primary Care

(near SE Main and SE 100th Avenue in Portland, OR) on January 8, 2026, at approximately 2:00 p.m.

The Government allegations, as outlined in the Criminal Complaint, include that Border Patrol agents were targeting the arrest of Adult Female 1. She was identified as the passenger of a vehicle in which Mr. Nino-Moncada was driver. At approximately 2 p.m., agents initiated a "traffic stop" of the vehicle in the parking lot of Adventist Health Primary Care using four unmarked vehicles. The government alleges that during the attempted arrest of Adult Female 1, Mr. Nino-Moncada drove his vehicle in a manner that struck an unoccupied Border Patrol vehicle. Border Patrol agents fired multiple shots at Mr. Nino-Moncada. After leaving in the vehicle, Mr. Nino-Moncada called 911 for medical assistance because he and Adult Female 1 had both been shot. Portland Police responded to that 911 call.

Based on preliminary defense investigations, it is known that there are surveillance videos on the roof of the Adventist Health building facing the parking lot, at approximately the yellow highlighted location on the map below. Defense interviews indicate there is surveillance video at the time of the instant event, however the footage may be of poor quality and/or limited view. The Border Patrol vehicle which is alleged to have been struck by Mr. Nino-Moncada appears to be located at approximately the blue highlighted location in the parking lot. It is also known that Adventist Health employs Allied Security and that a security guard is present during business hours who appears to wear body worn camera. At the time of preliminary investigation, the officer was located at approximately the purple highlighted location. FORA Health, located at the far side of the parking lot, also has externally (and southward facing) video cameras in the direction of the Adventist Health Primary Care parking lot. Defense interviews confirm that FORA Health video captures some portion of the parking lot leading up to the instant event,

Page 3  Motion and Memorandum for Issuance of Rule 17(c) Subpoena

although may have limited view. Preliminary investigation also indicates that Portland Police Bureau officers responded not just to Mr. Nino-Moncada's location for medical care, but also to the scene at Adventist Health Primary Care parking lot. It is unknown at this time whether that was in response to other 911 calls received from the hospital or based on Mr. Nino-Moncada's 911 call.



**Legal Standard**

Federal Rule of Criminal Procedure 17(c)(1) provides:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Page 4 Motion and Memorandum for Issuance of Rule 17(c) Subpoena

Courts in this District have acknowledged the propriety of issuing a Rule 17(c) subpoena for the pre-trial production of documentary evidence in criminal trials. *See, e.g., United States v. Heine,* No. 3:15-cr-238-SI, 2016 U.S. Dist. LEXIS 44397, 2016 WL 1270907 (D. Or., Mar. 31, 2016). There are certain "fundamental characteristics of the subpoena *duces tecum* in criminal cases"; it is "not intended to provide a means of discovery for criminal cases, [and] its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena *duces tecum*. *United States v. Komisaruk*, 885 F.2d 490, 494 (9th Cir. 1989). The application must be brought in good faith and "not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699.

The request for a Rule 17(c) subpoena for the pre-trial production of the above enumerated evidence meets the *Nixon* standard. First, the documents and videos are evidentiary and relevant because they all record, through video surveillance or written statements, the events that occurred in the parking lot of Adventist Health which gave rise to the charges in this case. Second, they are all likely to be admissible as direct evidence of the alleged encounter. They are limited and specific to the videos and statements pertaining to the events that are the basis of the criminal charges. And finally, they are not a general fishing expedition and have been confirmed to exist by preliminary investigation by the defense.

Because the subpoenas will not seek documents from any federal agency, a "C.F.R. letter" (under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)) is not required.

For the foregoing reasons, Mr. Nino-Moncada respectfully requests that this Court grant his motion for subpoena duces tecum orders as requested.

Dated: January 23, 2026.

| | |
|---|---|
| /s/ Michael Benson | /s/ Peyton Lee |
| Michael Benson, AK Bar No. 1311070 | Peyton Lee, OSB #164224 |