Michael Benson, AK SBN 1311070
Email: michael_benson@fd.org
Assistant Federal Public Defender
Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: Peyton_Lee@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-cr-00007-IM-1 |
| Plaintiff, | |
| v. | UNOPPOSED MOTION AND MEMORANDUM FOR ISSUANCE OF RULE 17(c) SUBPOENA |
| LUIS NINO-MONCADA, | |
| Defendant. | |

    The defendant, Luis Nino-Moncada, through counsel, Michael Benson and Peyton Lee, hereby moves for an order authorizing the production of video in advance of trial pursuant to a subpoena issued in accordance with Fed. R. Crim. P. 17(c). The defense asks that the Court direct Home Depot to produce video surveillance from January 8, 2026, from 2pm to 2:30p.m. from the location next to Adventist Health as outlined below. The defense requests production before trial, and not later than March 6, 2026. A proposed order has been enclosed. The government does not object to this request.

Page 1   Motion and Memorandum for Issuance of Rule 17(c) Subpoena

**Factual Background**

Mr. Nino-Moncada is charged by indictment with two counts: Aggravated Assault of a Federal Officer with a Deadly or Dangerous Weapon pursuant to 18 U.S.C. §§ 111(a), 111(b); and Depredation of Federal Property in Excess of $1,000 pursuant to 18 U.S.C. § 1361. The allegations arise from events that occurred in the parking lot of Adventist Health Primary Care (near SE Main and SE 100th Avenue in Portland, OR) on January 8, 2026, at approximately 2:00 p.m.

The Government allegations, as outlined in the Criminal Complaint, include that Border Patrol agents were targeting the arrest of Adult Female 1. She was identified as the passenger of a vehicle in which Mr. Nino-Moncada was driver. At approximately 2 p.m., agents initiated a "traffic stop" of the vehicle in the parking lot of Adventist Health Primary Care using four unmarked vehicles. The government alleges that during the attempted arrest of Adult Female 1, Mr. Nino-Moncada drove his vehicle in a manner that struck an unoccupied Border Patrol vehicle. Border Patrol agents fired multiple shots at Mr. Nino-Moncada. After leaving in the vehicle, Mr. Nino-Moncada called 911 for medical assistance because he and Adult Female 1 had both been shot. Portland Police responded to that 911 call.

There is a Home Depot store with a video facing in the general direction of the parking lot of Adventist Health, as illustrated below (camera located in the approximate location of ▮ on the map below, and photograph of camera included). Preliminary investigation indicates the camera may not have captured the alleged incident, but would have shown a portion of the parking lot and the activity leading up to the allegations. Home Depot has preserved the video footage from January 8, 2026, from 2:00pm-2:30pm, but will require a subpoena to produce the video.




**Legal Standard**

Federal Rule of Criminal Procedure 17(c)(1) provides:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Courts in this District have acknowledged the propriety of issuing a Rule 17(c) subpoena for the pre-trial production of documentary evidence in criminal trials. *See, e.g., United States v. Heine,* No. 3:15-cr-238-SI, 2016 U.S. Dist. LEXIS 44397, 2016 WL 1270907 (D. Or., Mar. 31, 2016). There are certain "fundamental characteristics of the subpoena *duces tecum* in criminal cases"; it is "not intended to provide a means of discovery for criminal cases, [and] its chief innovation was to expedite the trial by providing a time and place before trial for the inspection

Page 3  Motion and Memorandum for Issuance of Rule 17(c) Subpoena

of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena *duces tecum*. *United States v. Komisaruk*, 885 F.2d 490, 494 (9th Cir. 1989). The application must be brought in good faith and "not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699.

The request for a Rule 17(c) subpoena for the pre-trial production of the above enumerated evidence meets the *Nixon* standard. First, the video is evidentiary and relevant because it records a portion of the driving and police conduct leading up to and following the incident at issue in the case. Second, it is likely to be admissible as direct evidence of the timing and surrounding circumstances to the events. The request is limited and specific to the video pertaining to the event that is the basis of the criminal charges. And finally, it is not a general fishing expedition and has been confirmed to exist by preliminary investigation by the defense.

Because the subpoenas will not seek documents from any federal agency, a "C.F.R. letter" (under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)) is not required.

For the foregoing reasons, Mr. Nino-Moncada respectfully requests that this Court grant his motion for subpoena duces tecum order to issue to Home Depot as requested.

Dated: February 23, 2026.

*/s/ Michael Benson*  
Michael Benson, AK Bar No. 1311070

*/s/ Peyton Lee*  
Peyton Lee, OSB #164224

Page 4 Motion and Memorandum for Issuance of Rule 17(c) Subpoena